UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | NO. | 18-CR-10237-WGY |
| | ) | | |
| JUAN PEGUERO, | ) | | |
| | ) | | |
| Defendant | ) | | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant plead guilty to two counts of concealment money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

The revised Pre-sentence Report prepared by the United States Probation Office (USPS), revised June 27, 2019 ("PSR"), concluded that the defendant's advisory guideline sentencing range ("GSR") was 57-71 months, based on a total offense level of 25 and a Criminal History Category of I. PSR p. 17. The government and Mr. Peguero both agree that this is the correct calculation.

The primary issue for sentencing, based on the Defendant's memorandum, is whether the Court and/or government is bound by the government's preliminary assessment of the GSR at the time of the Rule 11 hearing. Pursuant to its ordinary practice, the Court inquired of the government: "What's the top of the guideline range without a guilty plea and what, given the plea and any other mitigating circumstances, are [sic] the range as far as you figure?" *See* Transcript, Ex. B to Defendant's Mem. (Dkt. 33) ("Transcript"), at 9:22-25. Undersigned counsel stated that, as far as she then figured, the top of the guideline without a plea would be 51 months, and that the range with a plea would be 30 to 37 months. This calculation was based on a total offense level of 19 and no enhancements. Later, at the end of the plea colloquy, however,

the defendant admitted that he understood that the money he laundered was in fact drug proceeds. Transcript at 19:20-20:1. In doing so, he admitted under oath to the facts supporting a 6-point enhancement under USSG 2S1.1(b)(1). As such, the parties agree with probation that the correct total offense level is 25 and the appropriate GSR is actually 57-71 months.

There is no written plea agreement in this case, but at the plea hearing, the government stated that it would recommend a sentence at the low end of the guidelines as calculated by the Court. Transcript at 11:10-12. Based on the PSR, the government does recommend a sentence at the low end of the GSR: 57 months. The government believes this sentence is the minimum sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553. Although the defendant served as an intermediary, he nonetheless laundered nearly a half-million dollars in cash drug proceeds destined for a money broker in Colombia. He knew they were drugs proceeds and knew exactly how much money he was moving. This is a serious offense. The defendant's lack of criminal history is reflected in his GSR, and a sentence at the low end of that range would adequately promote respect for the law, provide just punishment, and address both specific and general deterrence.

DATED: July 17, 2019

                                            Respectfully submitted,

                                            ANDREW E. LELLING
                                            United States Attorney

By:    */s/ Lauren A. Graber*
        Lauren A. Graber
        Assistant U.S. Attorney

Certificate of Service

I hereby certify that on July 17, 2019, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Lauren A. Graber*
LAUREN A. GRABER
Assistant U.S. Attorney